

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2009

# USA v. Eleazar Mendoza-Amar

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3696

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Eleazar Mendoza-Amar" (2009). *2009 Decisions.* Paper 1255.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1255

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3696
_____

UNITED STATES OF AMERICA

v.

ELEAZAR MENDOZA-AMARO,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 07-cr-00503-001)
District Judge:  The Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2009

BEFORE: FUENTES, JORDAN, and NYGAARD, Circuit Judges.

(Filed: June 1, 2009)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant Eleazar Mendoza-Amaro was convicted of illegally re-entering the United States after having been convicted of an aggravated felony and having been deported in violation of 8 U.S.C. § 1326(a) & (b)(2). Appellant concedes that there were no factual or legal errors in the calculation of his guideline range. He also fails to assert that the District Court failed to articulate its reasons for imposing the minimal guideline sentence. Further, he does not assert that the District Court erred by failing to rule on any extant motions or by indicating whether it was granting a departure. Appellant instead only challenges the District Court's reasonable application of the factors listed in 18 U.S.C. § 3553(a) to his case. We will affirm.

If a district court's decision contains no procedural error, we review for the substantive reasonableness of the sentence imposed. To be substantively reasonable, the final sentence must be premised upon appropriate and judicious consideration of the relevant § 3553(a) factors. Our substantive reasonableness review takes into account the totality of the circumstances, but recognizes the sentencing judge is in a superior position to find facts and judge their import.

The District Court here sentenced Appellant to seventy-one months' imprisonment, which was at the bottom of the seventy- to eighty-seven month range. Because this sentence of seventy months is within the Guidelines range, it is less likely to be unreasonable. The District Court gave an extensive and thorough statement of its reasons, carefully considering all of Appellant's arguments and weighed all of the

relevant information in arriving at its decision. As required by 18 U.S.C. § 3553(a), the District Court gave due consideration to Appellant's circumstances. Moreover, the District Court heard argument on the severity of Appellant's criminal record. Accordingly, the District Court concluded that a seventy-month sentence was fair. On the record before us, we cannot say that the District Court abused its discretion in imposing the sentence.

For the above-stated reasons, we will affirm the District Court's sentence.